Lipscomb, J.
The gronnds upon which the judge in the court below rested his opinion are not shown, and in all probability it was upon the fact that the former injunction was still pending. Whether there wás any equity in the petition or just ground for the award of the first injunction is not before us. From the facts shown in this case there is no doubt that there was great irregularity in the issuance of the first execution that was enjoined. It united persons whose liability to execution arose on distinct judgments, and it ran against the estates of Keenan and Farris, when the liability as to them could only be enforced through the Probate Court in the due course of administra *315 tion. The liability of Smith and Cresap, the securities to the writ-of-error bond, was not a joint liability with Keenan and Karris, co-defendants with Bailey in the j udgment, that Bailey sought to have reversed by the writ of error. They had not complained of the judgment and refused to join in the bond for the writ of error, and they were not parties to the judgment rendered upon the bond by the Supreme Court. That judgment was for a different amount from the judgment originally rendered in the District Court. It was for ten per cent, on account of the writ of error being for delay, and it was for the costs of the Supreme Court, for which Keenan and Farris could not have been liable to execution. Nor is their property liable in the hands of their vepreseniaitv'cs. The execution complained of in this'ease was sued out upon the judgment of the Supreme Court and run against the principal in the bond and his securities in his bond. These are the only persons that it could have legally run against, and we believe, therefore, that it was properly sued out.
Note 112, — Kendrick v. Rice, 16 T., 254.
It is not perceived how the fact of another execution, that we have seen was improperly sued out, and proceedings to enjoin that execution being still pending, could interpose a bar to the issuance of the execution in this case, because it was issued on a different and distinct judgment from the one enjoined. This majr not have been the ground on which the injunction was perpetuated. It may have been the opinion of the presiding judge that the petitioners showed in their pel ilion equitable grounds of relief independent of any legal objection to the issuance of the execution. If so, we have not been able to perceive any such equity, and believe the judge erred, if he based his decree upon any such supposed equity. There is nothing set forth in the petition that shows the slightest scintilla of equity in favor of the complainants, not oven if they had a right, under any circumstances, to seek an indemnity from the estates of Keenan and Farris, because with full notice that the writ of error was against the wishes of at least Keenan, they became securities in the bond, and thereby preveuled satisfaction of the execution on the original judgment at that time. But. whatever the equities may be between the several defendants it could not prejudice, delay, or hinder the plaintiff, Turner, in the pursuit of his rights, ami he clearly had a right to sue out execution against the petitioners on the judgment of the Supreme Court against them as the securities on tire writ-of-error bond. That judgment was rendered uuder our statute, (Ilart. Dig., 2933,) and it is not supposed that its validity or regularity was drawn into controversy in the case.
The petition in this case failed to show any grounds of relief, even if it were admitted that, by the more expanded principles of equity, the plaintiff was required to first seek satisfaction from the principal, when it was equally sure and convenient, before he would be permitted to levy upon the property of the securities. The petitioner should have shown that property of the principal sufficient to satisfy the execution had been shown and not levied on. This is not alleged, but they do allege that the residence of the principal is not known. We see no grounds to support the decree; it is reversed and remanded, with instructions to the court below to dissolve the injunction, and dismiss the petition.
Reversed and remanded.